UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET WHITEHEAD,

                Petitioner,                Case No. 2:14-cv-11786
                                                    Hon. Lawrence P. Zatkoff

v.

MILICENT WARREN,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTIONS TO STAY [DKT. 3] AND TO TOLL TIME LIMITS [DKT. 4], AND DENYING CERTIFICATE OF APPEALABILITY**

        This is a habeas case brought by Michigan prisoner Margaret Whitehead. On August 16, 2011, Petitioner was sentenced to 2-to-10 years for her Kent Circuit Court conviction of assault with intent to commit great bodily harm less than murder. Petitioner's application for habeas relief challenges her imprisonment on the grounds that her sentence is disproportionate to her crime. For the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations.

### I. Background

        According to Petitioner's pleadings, she pled no contest to the above conviction. Following sentencing, she was appointed appellate counsel who filed an application for leave to appeal in the Michigan Court of Appeals, raising what now forms her sole habeas claim. The Michigan Court of Appeals denied leave to appeal on January 4, 2012. *People v. Whitehead*, No. 306992 (Mich. Ct. App. Jan. 4, 2012). Petitioner then filed a pro se application for leave to appeal this decision in the Michigan Supreme Court, but it was denied on June 25, 2012. *People v. Whitehead*, No. 144713

(Mich. Sup. Ct. June 25, 2012). Petitioner did not file a petition for certiorari in the United States Supreme Court.

Petitioner signed the instant petition on March 19, 2014. Following preliminary review, it appeared to the Court that the petition may have been filed after expiration of the one-year statute of limitations. The Court therefore ordered Petitioner to show cause why the petition was not subject to summary dismissal. On June 16, 2014, the Court received Petitioner's response to the order.

Petitioner's response to the show cause order indicates that Petitioner has been diagnosed with psychotic disorder, mood disorder, polysubstance dependence, antisocial disorder, bipolar disorder, and depression. The response also states that since May 18, 2012, Petitioner has been prescribed at various times Tegretol, Celexa, Pisperdal, Paxid, Trazadone, Zyprexa, and Olanzapine to treat her mental illnesses. Petitioner notes that these medications can cause various side-effects, including: ataxia, drowsiness, fatigue, psychosis, vertigo, blurred vision, corneal opacities, apathy, confusion, weakness, agitation, anxiety, dizziness, impaired concentration, increased depression, migraine headache, increased sleep duration. Petitioner does not state which side-effects she was affected by, but alleges that "[the medications] would cause Ms. Whitehead to be unable to cognitively realize she had a deadline to file her writ of habeas corpus." Motion to Toll, p. 8; Response to Order to Show Cause, p. 3. An affidavit filed by Petitioner states: "Because of my mental illnesses, being heavily medicated by the Michigan Department of Corrections, and my not being educated in the law, I did not know I had a one year deadline to file a writ of habeas corpus in the United States District Court." Petitioner attached a Treatment Plan to her pleadings prepared by the Michigan Department of Corrections on November 8, 2013, indicating an assessment of Psychotic Disorder, Mood Disorder, Polysubstance Dependence, and Antisocial Personality

Disorder.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether Petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006).

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner does not argue there was an impediment to filing her federal habeas petition created by State action, that her claim is based on a newly created constitutional right, or that her claim is based on a newly discovered factual predicate. Therefore the potential starting points under §§ 2244(d)(1)(B),(C), and (D) do not apply to his petition. The applicable starting point is therefore the date on which her conviction became final under § 2244(d)(1)(A).

The Michigan Supreme Court denied petitioner's application for leave to appeal on June 25, 2012. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. See *Jimenez v. Quarterman*, 555 U.S. 113 (2009). Petitioner's judgment therefore became final on September 24, 2013, when she failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Petitioner then signed the instant petition on March 19, 2014, more than eight months after expiration of the limitations period.

The petition is therefore time barred unless Petitioner can demonstrate grounds for equitable tolling. *Holland v. Florida*, ___ U.S. ___; 130 S. Ct. 2549, 2560; 177 L.Ed.2d 130 (2010). A petitioner is entitled to equitable tolling upon showing "'(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner asserts that her mental illnesses and medication provide a basis for equitably tolling the limitations period. Mental incompetency and physical impediments can, in certain circumstances, rise to the level of an extraordinary circumstance beyond a petitioner's control that warrants equitable tolling. *Laws v. Lamarque*, 351 F.3d. 919, 923 (9th Cir. 2003). But equitable tolling based on mental incompetence or physical illness is limited to "exceptional circumstances." *United States v. Sosa*, 364 F.3d. 507, 512 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."); *Brown v. McKee*, 232 F.Supp.2d 761, 768 (E.D. Mich. 2002). Vague and generalized allegations of incompetence are not sufficient to establish an extraordinary circumstance warranting equitable tolling. *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003). The fact a habeas petitioner is able to file a state application for post-conviction review during the period she was allegedly suffering from mental illness constitutes evidence that the mental illness did not prevent her from timely filing a habeas petition. *Brown*, *supra*.

Here, Petitioner makes only vague and generalized allegations that her mental illness prevented her from complying with the limitations period. The Court notes that Petitioner was able

to file a timely pro se application for leave to appeal in the Michigan Supreme Court within the 56-day time limit prescribed by state law. She has not alleged any worsening of her circumstances subsequent to the time she was able to file that appeal that prevented her from filing her habeas petition in this Court within a year. Indeed, the fact that she was able to eventually file the present petition–without any alleged improvement in her condition–suggests that she could have done so earlier. Based on the response filed by Petitioner, the Court finds that she has failed to show the type of exceptional circumstances that justify equitably tolling the limitations period.

Accordingly, because Petitioner filed this action after the expiration of the statute of limitations, and because she has failed to demonstrate any basis for equitable tolling, the case will be dismissed as untimely filed.

### IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the Court concludes that jurists of reason could not find the Court's procedural ruling that the petition is

untimely debatable. The Court will, however, grant Petitioner permission to proceed on appeal in forma pauperis because any appeal would not be frivolous.

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for equitable tolling and to stay the petition (Docket Nos. 3 and 4) are **DENIED.**

**IT IS FURTHER ORDERED** that permission to proceed on appeal in forma pauperis is **GRANTED**.

S/Lawrence P. Zatkoff
Honorable Lawrence P. Zatkoff
United States District Judge

Dated: June 30, 2014